**David I. SCHWARTZ et al., Plaintiffs,**

v.

**R. C. MOTOR LINES, INC., et al., Defendants.**

**Civ. A. No. 77–0134–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

May 13, 1977.

Jay J. Levit, Stallard & Levit, Richmond, Va., for plaintiffs.

Melvin R. Manning, Richmond, Va., Raymond F. Beagle, Jr., Gage & Tucker, Richard B. McKelvey, Thomas J. Jones, Jr., Kansas City, Mo., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs bring this action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to redress an alleged breach of a collective bargaining agreement. Jurisdiction is alleged under 29 U.S.C. § 185(c). The matter comes before the Court on the defendants' motion to dismiss and the plaintiffs' response thereto. The matter has been briefed and is ripe for disposition.

The plaintiffs are over-the-road truck drivers and members of Teamsters Local Union No. 592 in Richmond, Virginia. Plaintiffs were initially employed by the defendant, R. C. Motor Lines, Inc. which merged with its co-defendant, Eastern Express, Inc., in December of 1976. A collective bargaining agreement between Teamsters Local Union No. 592 and the defendants contains the terms and conditions governing the wages, hours and working conditions of the plaintiffs. In January of 1977, the defendants proposed a "change of operations" which allegedly altered the terms and conditions of employment to the detriment of the plaintiffs in violation of the collective bargaining agreement.

Article 8, Section 6 of the collective bargaining agreement establishes a Joint Conference Change of Operations Committee to deal with matters of seniority whenever work is moved, deleted, or altered by an employer. This Committee is composed of an equal number of representatives of the Union and the employer. It is the function of the Committee to hear and rule upon an employer's request to change its operations. It is the plaintiffs' primary contention that the Joint Conference Change of Operations Committee's approval of the defendants' change in operations was obtained through false and misleading evidence.[1] A change in operations being accomplished by deception, plaintiffs submit, constitutes a breach of the collective bargaining agreement.

---

1. The complaint alleges the following improper conduct: (1) the truck runs proposed by the defendants in the change of operation are illegal in that they would (a) require trucks to operate in excess of the local speed limit, and (b) require a driver to drive more than 10 hours following eight consecutive hours off duty; (2) the defendants obtained approval for the change in operations by hiring "off the street" drivers in Columbia, South Carolina in violation of the collective bargaining agreement; (3) defendants wrongfully permitted persons other than the plaintiffs to bid on job vacancies in Columbia, South Carolina; and (4) defendants "wrongfully obtained approval of the said change of operations by giving vague, misleading, false and unsupported alleged business and other reasons in support thereof."

Defendants herein maintain that this action must be dismissed on the grounds that the plaintiffs have failed to exhaust their contractual remedies under the collective bargaining agreement. It is settled federal labor policy that an employee must attempt, where contemplated by the collective bargaining agreement, to use the contract grievance procedure as a mode of redressing a particular grievance. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Republic Steel v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Thus, where an employee has not attempted to utilize the available contract grievance machinery, a suit brought in federal court under 29 U.S.C. § 185 must be dismissed. *Hines v. Anchor Motor Freight, Inc., supra; Republic Steel v. Maddox, supra.* It is not disputed that the plaintiffs herein have not attempted to invoke the grievance procedures under the collective bargaining agreement. The Court is further satisfied that Article 43 of the collective bargaining agreement establishes a grievance mechanism by which the plaintiffs may process their grievance.

The plaintiffs contend that the exhaustion requirement is inapplicable where the complaint alleges fraud and deception on the part of the employer. *Vaca v. Sipes, supra*, 386 U.S. at 185, 87 S.Ct. 903. In the case at bar, the allegations of fraud and deception go to the defendants' conduct before the Joint Conference Change of Operations Committee. It is this alleged fraud which is the grievance. The contended fraud does not go to the integrity of the grievance procedure, a procedure separate and distinct from the Joint Conference Change of Operations Committee in both composition and function. Moreover, there is no allegation that the Union was aware of the fraud or is unwilling or unable to pursue the plaintiffs' grievance. In short, the type of fraud alleged herein is not that which obviates a necessity for exhaustion in accordance with settled federal labor policy.

An appropriate order will issue.